**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

**C.A. No.:** 3:25-cv-13447-MGL

| | | |
|---|---|---|
| **Mother Doe, Individually and as the Mother and Natural Guardian for Jane Doe, a Minor,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **COMPLAINT** <br><br> **(Jury Trial Requested)** |
| **South Carolina Public Charter School District and Green Charter School Board,** | ) ) ) | |
| **Defendants.** | ) ) | |

Plaintiff Mother Doe, Individually and as the Mother and Natural Guardian for Jane Doe, a Minor, (hereinafter "Plaintiff"), brings this action against Defendant South Carolina Public Charter School District (hereinafter "Defendant SCPCSD"), and GREEN Charter School Board (hereinafter "Defendant GREEN"), collectively ("Defendants") for Defendants' violations of Jane Doe's rights under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681, *et seq*.

## INTRODUCTION

1.    This is a civil rights action brought by Mother Doe on behalf of a minor child, Jane Doe, a student at the GREEN Charter School who was targeted, exploited, and abused by a GREEN Charter School official.

2.    Defendant SCPCSD, as the sponsor of GREEN Charter School, was statutorily required to conduct oversight and supervise Defendant GREEN and GREEN Charter School

Midlands, as well as ensure their compliance with the law. However, Defendant SCPCSD engaged in a policy, pattern, and/or practice of failing to supervise Defendant GREEN and GREEN Charter School Midlands, failing to ensure their employees were trained regarding their responsibilities under Title IX, and failing to ensure their employees were trained regarding sexual abuse and mandatory reporting and/or engaged in a pattern and practice of deliberate indifference towards sexual assault.

3.     Defendant GREEN, as the governing body of GREEN Charter School Midlands, was responsible for the operation and management of GREEN Charter School Midlands. However, Defendant GREEN engaged in a policy, pattern, and/or practice of failing to supervise its employees, failing to implement appropriate policies regarding Title IX, sexual abuse, and mandatory reporting, failing to ensure their employees were trained regarding their responsibilities under Title IX, and failing to ensure their employees were trained regarding sexual abuse and mandatory reporting and/or engaged in a pattern and practice of deliberate indifference towards sexual assault.

4.     Plaintiff seeks recovery for the significant damage Jane Doe has suffered because of Defendants' violations of her civil and constitutional rights.

## PARTIES

5.     Plaintiff, Mother Doe, is the natural mother of minor Jane Doe and a resident of Richland County, South Carolina. Jane Doe, a resident of Richland County, South Carolina, was a minor at the time she suffered sexual abuse, assault, exploitation, harassment, and discrimination.

6.     Defendant South Carolina Public Charter School District is a public charter school district organized under the laws of the State of South Carolina, with its principal place of business in Richland County, South Carolina. SCPCSD is a recipient of federal funds within the meaning

2

of 20 U.S.C. §1681, *et seq*. and is the sponsor for Defendant GREEN and GREEN Charter School Midlands.

7.    Defendant GREEN is the governing body of the GREEN Charter Schools System, which includes GREEN Charter School Midlands.  Defendant GREEN is organized under the laws of the State of South Carolina, with its principal place of business in Greenville County, South Carolina.  Defendant GREEN is a recipient of federal funds within the meaning of 20 U.S.C. §1681, *et seq*.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

9.    This Court has supplemental jurisdiction over the state claims against Defendant GREEN pursuant to 28 U.S.C. § 1367 because those claims arise under the same facts as those over which the Court has original jurisdiction as described in the preceding paragraph.

10.    This Court has personal jurisdiction over Defendants as they reside in this District and their acts and/or omissions complained of occurred within this District.

11.    Venue is proper in the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. § 1391(b)(1) & (2), as Defendant SCPCSD resides in Richland County, and the acts or omissions complained of occurred within Richland County.

## FACTUAL ALLEGATIONS

12.    At all times relevant to this Complaint, Defendant GREEN was the governing body for the GREEN Charter School System, which operates multiple charter schools throughout South Carolina, including GREEN Charter School Midlands.

13.    At all times relevant to this Complaint, Defendant SCPCSD has been the sponsor for Defendant GREEN and GREEN Charter School Midlands.

14.    Pursuant to S.C. Code Ann. § 59-40-55, Defendant SCPCSD, as the sponsor for Defendant GREEN and GREEN Charter School Midlands, had a statutory duty to supervise and monitor Defendant GREEN and GREEN Charter School Midlands, conduct oversight, and ensure these entities' compliance with the law, to include taking corrective actions to remedy deficiencies in such compliance.

15.    Defendant SCPCSD was aware of the risks of sexual assault of students in its sponsored schools, as well as the risks of failing to work with its sponsor schools to establish policies and train employees to recognize, address, and report instances of abuse.

16.    However, notwithstanding such knowledge, Defendant SCPCSD engaged in a policy, pattern, and/or practice of failing to supervise Defendant GREEN and GREEN Charter School Midlands, failing to ensure they had appropriate policies in place regarding Title IX, sexual assault, and mandatory reporting of child abuse, failing to ensure their employees were trained regarding their responsibilities under Title IX, and failing to ensure their employees were trained regarding sexual abuse and mandatory reporting and/or engaged in a pattern and practice of deliberate indifference towards sexual assault of students.

17.    Defendant GREEN was similarly aware of the risks of sexual assault of students within its schools, including GREEN Charter School Midlands, as well as the risks of failing to establish policies and train employees to recognize, address, and report instances of abuse.

18.    However, notwithstanding this knowledge, Defendant GREEN engaged in a policy, pattern, and/or practice of failing to supervise its employees, including those at Green Charter School Midlands, failing to implement appropriate policies regarding Title IX, sexual assault, and

4

mandatory reporting of child abuse, failing to ensure their employees were trained regarding their responsibilities under Title IX, and failing to ensure their employees were trained regarding sexual abuse and mandatory reporting and/or engaged in a pattern and practice of deliberate indifference towards sexual assault of students.

19.    Jane Doe first began attending Green Charter School Midlands when she started kindergarten.

20.    During the 2024-25 school year, Jane Doe was in fifth grade at Green Charter School Midlands.  Jane Doe started the school year as a ten (10) year old and turned eleven (11) during the school year.

21.    During her fifth-grade year, Jane Doe and her younger sister participated in the GREEN Charter School Midlands after-school program, which takes place on school grounds and is operated by school employees.

22.    At this time, Sulaymaan Benoit was the director of GREEN Charter School Midlands's after-school program.

23.    At some point during the fall semester, Mr. Benoit began sexually assaulting Jane Doe during the after-school program.  The abuse involved forcibly touching and fondling of Jane Doe's breasts and private areas.

24.    During the same time period, Mr. Benoit was assaulting and engaging in similar behaviors towards other students in GREEN Charter School Midlands's after-school program.

25.    Notably, Mr. Benoit engaged in such conduct on school grounds, against multiple students, during the after-school programs hours, and in view of the other after-school employees.

26.    Defendant GREEN's sexual abuse policy contains the following guidance:

- Maintain a safe and appropriate physical distance with all students;

- If any type of physical contact with a student is required, it should be done so openly and with the consent of the student. Physical contact should not be intrusive or disturbing in any manner.

- If an employee observes any inappropriate behavior involving a student, they must take appropriate action to see that the behavior is stopped immediately.

- If an employee observes or learns of any suspected violations of this policy, they must notify a supervisor immediately.

27. The policy further identifies the following as prohibited acts:

- Any display or demonstration of sexual abuse, insinuation of abuse, or evidence of abusive conduct toward a student.

- Sexual advances or sexual activity.

- Infliction of physically abusive behavior or bodily injury to a student.

- Engaging in inappropriate physical contact with a student.

28. Defendant GREEN's sexual abuse policy also indicates that all employees or individuals assigned to work with students will "be introduced to the definition of abuse and neglect, signs to watch for, and trained in how to report an incident."

29. However, upon information and belief, despite witnessing Mr. Benoit's conduct toward Jane Doe and other students, none of Defendant GREEN's employees reported Mr. Benoit for his inappropriate touching and sexual assaults of Jane Doe or any other student.

30. The failure of any of Defendant GREEN's employees to report Mr. Benoit's inappropriate and consistent touching of Jane Doe and other students, occurring on school grounds and during after-school program hours, is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

31.     On January 30, 2025, the parents of a student at GREEN Charter School Midlands reported to the school's principal, Dr. Tina Shaw, that their child had been inappropriately touched by Mr. Benoit.

32.     Thereafter, Mr. Benoit was suspended from his position at GREEN Charter School.

33.     Pursuant to S.C. Code Ann. § 63-7-310, as the principal of GREEN Charter School Midlands, Dr. Shaw is a mandatory reporter with an individual duty to report child abuse to law enforcement or the Department of Social Services ("SCDSS"). This duty arose when Dr. Shaw received information giving her reason to believe that a child had been abused.

34.     However, Dr. Shaw did not immediately report the abuse to law enforcement or SCDSS.

35.     Dr. Shaw's failure to immediately report the abuse to law enforcement or SCDSS is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

36.     Notably, Defendant GREEN's policy regarding reporting suspected child abuse does not encourage immediate reporting of suspected abuse to law enforcement or SCDSS.  Rather, the policy provides

> A "mandated reporter" (reporter) under South Carolina law is a person required to report any suspected or known cases learned of in their professional capacity. Typically, reporters have contact with children throughout their employment (e.g., teachers and social workers).  Mandated reporters are individually responsible for reporting suspected abuse or neglect.  **These employees/reporters must report their suspected child abuse belief immediately to their appropriate supervisor, principal, guidance counselor, and/or the school social worker**.  These GREEN representatives will then work with the employee to contact the appropriate law enforcement and social services agencies.

As such, Defendant GREEN's policy encourages its employees to first report suspected child abuse internally rather than immediately reporting the same to law enforcement or SCDSS.

37.    Accordingly, rather than immediately report the abuse to the appropriate authorities, Dr. Shaw reached out to Defendant GREEN's Director of Human Resources, consistent with Defendant GREEN's child abuse reporting policy.

38.    Defendant GREEN's Director of Human Resources is a member of Defendant GREEN's Executive Leadership Team.

39.    While corresponding with the HR Director, Dr. Shaw asked if she could delay informing the school's school resource officer out of purported concerns regarding the officer maintaining confidentiality.  At that time, Defendant GREEN Charter School Midlands's school resource officer was a deputy with the Richland County Sheriff's Department.

40.    Rather than encouraging Dr. Shaw to report the abuse allegations immediately or assist her to do so, Defendant GREEN's HR Director informed Dr. Shaw that it was appropriate to delay sharing the information until they had further insight into what occurred.

41.    The HR Director's failure to encourage Dr. Shaw to report the abuse and condoning of Dr. Shaw's withholding of such information is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

42.    Upon information and belief, other employees of GREEN Charter School who witnessed abuse, including those who are mandatory reporters, reported such abuse to a supervisor rather than law enforcement or SCDSS.  Upon information and belief, such instances of abuse were not reported or otherwise disclosed to law enforcement or SCDSS.

43.     On or about January 31, 2025, Dr. Shaw began her own internal investigation into the allegations of abuse against Mr. Benoit.  In the course of her investigation, Dr. Shaw solicited statements from three student witnesses, of which one disclosed that Mr. Benoit had sexually assaulted her as well.

44.     However, despite allegations of abuse against Mr. Benoit from a second student, Dr. Shaw did not immediately report the abuse to law enforcement or SCDSS.

45.     Dr. Shaw's failure to report that two separate students had alleged abuse against Mr. Benoit is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

46.     On February 3, 2025, Dr. Shaw asked the school resource officer to review available video evidence regarding Mr. Benoit.

47.     However, Dr. Shaw still did not report the allegations of abuse to law enforcement or SCDSS.

48.     To the contrary, law enforcement did not become aware of the allegations against Mr. Benoit until a parent reported the allegations to the Irmo Police Department on February 6, 2025.

49.     On or about February 25, 2025, Jane Doe approached Plaintiff and informed him that Mr. Benoit was getting fired.  When Plaintiff asked Jane Doe why, Jane Doe indicated that it was because he had done something inappropriate.

50.     On February 26, 2025, Mr. Benoit was arrested and charged with multiple counts of third-degree criminal sexual conduct.  That same day, Dr. Shaw was arrested and charged with failure to report child abuse.

51.     Following the arrests, Jane Doe's teacher informed her class that Mr. Benoit and Dr. Shaw had been arrested.  The teacher then told her students they could speak with her and encouraged them to disclose any abuse that had occurred.  At this point, Jane Doe fully disclosed the extent of her abuse to her teacher.

52.     During the course of their investigation, the Irmo Police Department determined that Mr. Benoit had sexually abused at least seven (7) total children aged five (5) to twelve (12).  Law enforcement further determined that Mr. Benoit's conduct dated back to at least October of 2024, but may have been occurring since August of 2024.

53.     On the day of the arrests, Defendant GREEN's executive director, Tom Cronin, sent a letter to the parents of students at GREEN Charter School Midlands defending Dr. Shaw, asserting that "Dr. Shaw has proven herself to be an outstanding leader who cares deeply about our students at GREEN."

54.     On February 27, 2025, Defendant GREEN held an emergency meeting to address the situation and provide information to student parents, including Plaintiff.

55.     However, pursuant to the meeting minutes, Defendant GREEN began the meeting at 7:00 p.m., voted to enter executive session at 7:07p.m., and remained in executive session until 9:04 p.m.  Thereafter, Defendant GREEN thanked the parents for joining the meeting and indicated that there were no items for Defendant GREEN to vote on before adjourning the meeting at 9:05 p.m.  Defendant GREEN did not provide parents with any information regarding what happened, did not answer any questions, and did not indicate whether they were cooperating with law enforcement or taking steps to rectify the situation.

56.     The following day, Executive Director Cronin sent another letter to parents, this time minimizing and attempting to excuse Dr. Shaw's failure to report.  Director Cronin's email provided, in pertinent part,

> On Thursday, January 30, 2025, Principal Shaw met with a family (through an interpreter) to hear their complaint of inappropriate touching by Sulaymaan Benoit. Principal Shaw suspended Benoit that day and subsequently terminated him.  **She confirmed with the family on January 31 that they had reported their concerns to the Irmo Police Department.**  On Monday, February 3, Principal Shaw asked the School Resource Officer to review the available video evidence in order to provide it to the Irmo Police.  When the Irmo Police contacted the school on February 6, 2025, GREEN provided full access to the available information including video footage.  **Principal Shaw has been charged with misdemeanor failure to report, when the Irmo Police and the School Resource Officer were notified within two school days.**  Principal Shaw will remain on administrative leave through the resolution of this matter.

57.     Director Cronin has additionally stated publicly that Defendant GREEN "thought [Dr. Shaw] did her job."

58.     Director Cronin's minimizing of Dr. Shaw's withholding of child abuse allegations for over a week and his defense of her conduct is evidence of Defendant SCPCSD and Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or evidence of their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands.

59.     Moreover, Director Cronin's reliance on the victim's parents purported report to law enforcement is further evidence of such failures and deliberate indifference.

60.     Notably, pursuant to S.C. Code Ann. § 63-7-310, a mandatory reporter has an individual duty to report suspected child abuse.  As such, another individual's purported reporting of abuse does not relieve a mandatory reporter of their duty to report the abuse to law enforcement or SCDSS.

61.     Director Cronin's assertion that the abuse had been reported has no bearing on Dr. Shaw's individual duty to report. As such, Director Cronin's ignorance of the mandatory reporting duties incumbent on a school principal demonstrates that Defendant GREEN's failure to supervise, train, and implement policies related to Title IX, sexual abuse, and mandatory reporting and/or their deliberate indifference to sexual abuse of students at GREEN Charter School Midlands extended all the way to the head of its Executive Leadership Team.

62.     Following her arrest, Defendant GREEN paid for Dr. Shaw's criminal defense attorney.

63.     Conversely, no one from Defendant GREEN has reached out to Plaintiff or Jane Doe to offer services or otherwise help Jane Doe to recover and move past the harm inflicted on her by Mr. Benoit.

64.     As a result of Mr. Benoit's sexual abuse of Jane Doe, she has suffered significant physical, mental, and emotional harm.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF TITLE IX, 20 U.S.C. § 1681(a)**
(*against Defendant SCPCSD & Defendant GREEN*)

65.     Plaintiff repeats and realleges the factual allegations contained in paragraphs 1-73 as if fully restated herein.

66.     Plaintiff alleges violations of Title IX against Defendant SCPCSD and Defendant GREEN due to their deliberate indifference to sex-based discrimination.

67.     Pursuant to 20 U.S.C. § 1681(a), "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . ."

68.     Defendant SCPCSD is a recipient of federal funding.

69.     Defendant SCPCSD is a public charter school district which receives federal financial assistance for its educational programs and activities.

70.     Defendant GREEN is a public charter school system sponsored by Defendant SCPCSD and uses the federal funding received from Defendant SCPCSD to implement policies, programs, and other educational programs and activities for its students.

71.     Plaintiff is a protected "person" under Title IX.

72.     Title IX covers all programs and activities, and extends to sexual harassment and assault by employees, students, and third parties.

73.     Pursuant to S.C. Code Ann. § 59-40-55, Defendant SCPCSD, as the sponsor for Defendant GREEN and GREEN Charter School Midlands, had a statutory duty to supervise and monitor Defendant GREEN and GREEN Charter School Midlands, conduct oversight, and ensure these entities' compliance with the law, to include taking corrective actions to remedy deficiencies in such compliance.

74.     Pursuant to Title IX, Defendant SCPCSD and Defendant GREEN were required to promulgate policies and train employees to identify, address, and report instances of sexual harassment and assault occurring at GREEN Charter School Midlands.

75.     As set forth herein, because of the failures of Defendant SCPCSD and Defendant GREEN, Mr. Benoit was empowered and enabled to launch a campaign of sexual harassment and assault against seven (7) children, including Jane Doe, over the course of several months during the 2024-25 school year.

76.     The failures, acts, and omissions of Defendant SCPCSD and Defendant GREEN including, without limitation, failing to implement appropriate policies regarding Title IX and child sexual abuse, failing to implement appropriate policies regarding the reporting of suspected child

sexual abuse, failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse, failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS, encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS, and failing to supervise the employees of GREEN Charter School Midlands created, fostered, and contributed to a system-wide failure where a predator was allowed to harass and assault seven (7) children, including Jane Doe, over the course of several months.

77.     At the same time that Mr. Benoit was victimizing children on the GREEN Charter School Midlands campus, Defendant SCPCSD and Defendant GREEN knew of their obligations under Title IX and were publicly, by and through their own failures and silence, holding themselves out as compliant with Title IX by publicly presenting themselves as:

    a.  endeavoring to provide a safe and healthy educational environment free from sexual harassment and misconduct;

    b.  having rigorous and public nondiscrimination, anti-harassment, and Title IX policies;

    c.  engaging in a zero-tolerance policy against sexual abuse;

    d.  requiring mandatory training on recognizing and/or identifying signs of child abuse; and

    e.  having a policy regarding mandatory reporting of child abuse.

78.     As a direct and proximate result of Defendant SCPCSD and Defendant GREEN's acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to, physical and emotional injuries; loss of her fundamental constitutional rights; mental and

emotional distress, including anxiety, mental anguish, humiliation and embarrassment; educational loss; economic loss and other incidental expenses; loss of future earning capacity; psychological damage; and loss of the ordinary pleasures of everyday life.

79.     Plaintiff therefore seeks a judgment for damages directly and proximately resulting from the conduct set forth herein, and for such additional damages as this court may determine.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF TITLE IX, 20 U.S.C. § 1681(a)**
**Deliberate Indifference**
(*against Defendant SCPCSD & Defendant GREEN*)

80.     Plaintiff repeats and realleges the factual allegations contained in paragraphs 1-88 as if fully restated herein.

81.     Defendant SCPCSD is a recipient of federal funding.

82.     Defendant SCPCSD is a public charter school district which receives federal financial assistance for its educational programs and activities.

83.     Defendant GREEN is a public charter school system sponsored by Defendant SCPCSD and uses the federal funding received from Defendant SCPCSD to implement policies, programs, and other educational programs and activities for its students.

84.     Plaintiff is a protected "person" under Title IX.

85.     Title IX covers all programs and activities, and extends to sexual harassment and assault by employees, students, and third parties.

86.     Pursuant to S.C. Code Ann. § 59-40-55, Defendant SCPCSD, as the sponsor for Defendant GREEN and GREEN Charter School Midlands, had a statutory duty to supervise and monitor Defendant GREEN and GREEN Charter School Midlands, conduct oversight, and ensure these entities' compliance with the law, to include taking corrective actions to remedy deficiencies in such compliance.

87.     Pursuant to Title IX, Defendant SCPCSD and Defendant GREEN were required to promulgate policies and train employees to identify, address, and report instances of sexual harassment and assault occurring at GREEN Charter School Midlands.

88.     Moreover, pursuant to Defendant GREEN's own policies and procedures, the employees of GREEN Charter School Midlands were required to safeguard against sexual misconduct and assault on their campus, and were further responsible for reporting instances of sexual misconduct and assault to law enforcement or SCDSS.

89.     As set forth herein, at all times relevant to this Complaint, Defendant SCPCSD and Defendant GREEN failed to implement appropriate policies regarding Title IX and child sexual abuse, failed to implement appropriate policies regarding the reporting of suspected child sexual abuse, failed to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse, failed to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS, encouraged employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS, and failed to supervise the employees of GREEN Charter School Midlands, which created, fostered, and contributed to a system-wide failure where a predator was allowed to harass and assault seven (7) children over the course of several months, including Jane Doe. Notably, as it relates to at least one victim of Mr. Benoit, multiple employees of Defendant GREEN failed to report an instance of sexual abuse, agreeing instead to withhold the information from law enforcement and SCDSS.  Such conduct is demonstrative of Defendant SCPCSD and Defendant GREEN's deliberate indifference towards sexual abuse and their failures to implement appropriate policies and training.

90.     Plaintiff reasonably expected Defendant SCPCSD and Defendant GREEN to comply with the mandates of Title IX, and further expected Defendant GREEN to comply with its own represented policies.  Plaintiff could not have known, nor should not have known, that these Defendants would disregard the same.

91.     Had Defendant SCPCSD and Defendant GREEN appropriately enacted and implemented policies regarding Title IX, sexual abuse, and mandatory reporting to which they paid lip service, trained the employees of GREEN Charter School Midlands on such policies, and supervised such employees, Mr. Benoit would not have been able to sexually assault seven (7) children, including Jane Doe, over the course of several months, on school grounds, during after school program hours, and in the presence of other school employees.

92.     As previously set forth, Defendant SCPCSD and Defendant GREEN knew the risks of sexual abuse and failing to implement policies and training to combat the same, or operated with a reckless disregard for such risks and the rights of students at GREEN Charter School Midlands, including Jane Doe.

93.     Defendant GREEN additionally exercised control over Mr. Benoit and his access to victims through his employment with GREEN Charter School Midlands.  Defendant GREEN exercised further control over Mr. Benoit, as his assaults, including those against Jane Doe, occurred on school grounds, during after school program hours, and in the presence of other school employees.

94.     Notwithstanding their knowledge of the risks of sexual abuse at GREEN Charter School Midlands, Defendant SCPCSD and Defendant GREEN failed to carry out their duties to implement appropriate Title IX, sexual abuse, and mandatory reporting policies, to train the employees of Defendant GREEN on such policies, and to supervise such employees.

95.     Similarly, as the entities with ultimate control over the conduct of GREEN Charter School Midlands, Defendant SCPCSD and Defendant GREEN failed to take action to ensure appropriate enforcement of Title IX requirements and prevention of sexual abuse during the operative timeframe.

96.     The conduct set forth herein amounts to deliberate indifference to sexual misconduct and abuse.

97.     Mr. Benoit's sexual harassment and assault was so severe, pervasive, and objectively offensive that it effectively barred Jane Doe's access to educational opportunities and benefits.

98.     As a direct and proximate result of Defendant SCPCSD and Defendant GREEN's acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to, physical and emotional injuries; loss of her fundamental constitutional rights; mental and emotional distress, including anxiety, mental anguish, humiliation and embarrassment; educational loss; economic loss and other incidental expenses; loss of future earning capacity; psychological damage; and loss of the ordinary pleasures of everyday life.

99.     Plaintiff therefore seeks a judgment for damages directly and proximately resulting from the conduct set forth herein, and for such additional damages as this court may determine.

**FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF TITLE IX, 20 U.S.C. § 1681(a)**
**Heightened Risk – Institutional Policy of Deliberate Indifference**
(*against Defendant SCPCSD & Defendant GREEN*)

100.     Plaintiff repeats and realleges the factual allegations contained in paragraphs 1-108 as if fully restated herein.

101.     Defendant SCPCSD is a recipient of federal funding.

102.    Defendant SCPCSD is a public charter school district which receives federal financial assistance for its educational programs and activities.

103.    Defendant GREEN is a public charter school system sponsored by Defendant SCPCSD and uses the federal funding received from Defendant SCPCSD to implement policies, programs, and other educational programs and activities for its students.

104.    Plaintiff is a protected "person" under Title IX.

105.    Title IX covers all programs and activities, and extends to sexual harassment and assault by employees, students, and third parties.

106.    Pursuant to S.C. Code Ann. § 59-40-55, Defendant SCPCSD, as the sponsor for Defendant GREEN and GREEN Charter School Midlands, had a statutory duty to supervise and monitor Defendant GREEN and GREEN Charter School Midlands, conduct oversight, and ensure these entities' compliance with the law, to include taking corrective actions to remedy deficiencies in such compliance.

107.    Pursuant to Title IX, Defendants were required to promulgate policies and train employees to identify, address, and report instances of sexual harassment and assault occurring at GREEN Charter School Midlands.

108.    As stated herein, Defendant SCPCSD and Defendant GREEN were aware of the risks of sexual abuse in school and of the risks of failing to implement appropriate policies and training regarding sexual abuse.

109.    However, during the 2024-25 school year, Mr. Benoit was able to routinely harass and abuse at least seven (7) children on GREEN Charter School Midlands's campus, during after school program hours, and in the presence of other school employees.  Mr. Benoit engaged in such

conduct, undeterred and unreported, for several months before a parent finally made a report to law enforcement.

110.   Accordingly, Defendant SCPCSD and Defendant GREEN maintained a policy of deliberate indifference toward sexual misconduct and abuse, through but not limited to the following actions and inactions:

a.   failing to implement appropriate policies regarding Title IX and child sexual abuse;

b.   failing to implement appropriate policies regarding the reporting of suspected child sexual abuse;

c.   failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse;

d.   failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS;

e.   encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS; and

f.   failing to supervise the employees of GREEN Charter School Midlands.

111.   The conduct set forth herein amounts to an institutional policy of deliberate indifference to sexual misconduct and abuse, leading to a heightened risk of sexual abuse being perpetrated upon Jane Doe.

112.   The heightened risk occurred in a context subject to Defendant SCPCSD and Defendant GREEN's control.

113.   As a result of Defendant SCPCSD and Defendant GREEN's institutional policy of deliberate indifference, Jane Doe suffered harassment and abuse that was so severe, pervasive, and

objectively offensive that it deprived her of access to the educational opportunities or benefits provided by GREEN Charter School Midlands.

114.    The failures set forth herein directly and proximately resulted in harm to Jane Doe through subjecting her to a heightened risk of sexual misconduct and abuse.

115.    As a direct and proximate result of Defendant SCPCSD and Defendant GREEN's acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to, physical and emotional injuries; loss of her fundamental constitutional rights; mental and emotional distress, including anxiety, mental anguish, humiliation and embarrassment; educational loss; economic loss and other incidental expenses; loss of future earning capacity; psychological damage; and loss of the ordinary pleasures of everyday life.

116.    Plaintiff therefore seeks a judgment for damages directly and proximately resulting from the conduct set forth herein, and for such additional damages as this court may determine.

**FOR A FOURTH CAUSE OF ACTION**
**GROSS NEGLIGENCE**
(*against Defendant GREEN*)

117.    Plaintiff repeats and realleges the factual allegations contained in paragraphs 1-123 as if fully restated herein.

118.    This is an action for gross negligence brought against Defendant GREEN under the laws of the State of South Carolina.

119.    This cause of action is brought pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et seq*.

120.    At all times relevant to this complaint, the employees of GREEN Charter School Midlands, including Mr. Benoit, were employees and/or agents of Defendant GREEN and were

acting within the course and scope of their employment, in furtherance of the interests of Defendant GREEN, and with Defendant GREEN's knowledge and consent.

121.    Defendant GREEN is liable for the actions and omissions of its employees and/or agents that gave rise to this action.

122.    Defendant GREEN by and through its employees and agents, owed a duty to Jane Doe, including the special duty to her while acting *in loco parentis*, to act in a prudent and reasonable manner with regard to her health and safety in the following particulars, to wit:

    a.  to supervise its GREEN Charter School Midlands employees;

    b.  to implement appropriate policies regarding Title IX and child sexual abuse;

    c.  to implement appropriate policies regarding the reporting of suspected child sexual abuse;

    d.  to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse; and

    e.  to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS;

123.    Upon information and belief, prior to the incident involving Jane Doe, Defendant GREEN had customs or policies of the following, which upon information and belief still exist at this time:

    a.  failing to supervise the employees of GREEN Charter School Midlands;

    b.  failing to implement appropriate policies regarding Title IX and child sexual abuse;

    c.  failing to implement appropriate policies regarding the reporting of suspected child sexual abuse;

d. failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse;

e. failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS; and

f. encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS.

124. The aforementioned failures amounted to violations of non-discretionary and non-delegable duties owed to the students of GREEN Charter School Midlands.

125. As such, Defendant GREEN breached its duties, including ministerial duties, owed to Jane Doe.

126. Defendant GREEN's failure to reprimand and intervene and/or take corrective action against its employees within GREEN Charter School Midlands is evidence that Defendant GREEN ratified and promulgated staff misconduct and the conditions inside the GREEN Charter School Midlands, and provides further evidence of its breach of duties owed to the students at GREEN Charter School Midlands, including Jane Doe.

127. Defendant GREEN's continued and repeated failures as described herein resulted in its authorized employees breaching the duty they owed by showing an absence of care and/or willfully, wantonly, and recklessly disregarding the life and bodily integrity of Jane Doe by failing to implement appropriate policies regarding Title IX and child sexual abuse, failing to implement appropriate policies regarding the reporting of suspected child sexual abuse, failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse, failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS, encouraging employees to report instances of

child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS, failing to supervise the employees of GREEN Charter School Midlands, and failing to prevent Mr. Benoit from assaulting children, which created, fostered, and contributed to a system-wide failure where a predator was allowed to harass and assault seven (7) children over the course of several months, including Jane Doe.

128.    Defendant GREEN knew or should have known of the dangers posed by its failures illustrated in this Complaint, and that said actions and inactions were reckless and/or constituted the total absence of care likely to result in violations of a student's rights, and as such were reasonably foreseeable.

129.    Defendant GREEN, by and through its duly authorized employees, owed a duty to Jane Doe to be reasonable in the management and conduct of GREEN Charter School Midlands.

130.    Defendant GREEN, by and through its authorized employees, breached duties owed to Jane Doe by failing to implement appropriate policies regarding Title IX and child sexual abuse, failing to implement appropriate policies regarding the reporting of suspected child sexual abuse, failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse, failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS, encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS, failing to supervise the employees of GREEN Charter School Midlands, and failing to prevent Mr. Benoit from assaulting children.

131.    Each act or omission detailed in this matter constitutes a separate occurrence.

132.    Defendant GREEN's actions and omissions, by and through its authorized employees, were unreasonable, constituted the total absence of care, and breached duties owed to

Jane Doe and actually and proximately contributed to and/or caused the severe injuries sustained by Jane Doe.

133.    Plaintiff is entitled to Judgment against Defendant GREEN for damages as to be determined by the triers of fact in this case.

**FOR A FIFTH CAUSE OF ACTION**
**LOSS OF PARENTAL SERVICES**
***(against Defendant SCPCSD & Defendant GREEN)***

134.    The above set forth facts are made part of this Ninth Cause of Action through incorporation by reference.

135.    Mother Doe is the mother and guardian of Jane Doe.

136.    As a direct and proximate result of the aforementioned acts on behalf of the Defendants, Mother Doe has been injured and damaged in Actual and Consequential Damages as follows:

    i.   pre-trial medical expenses; and

    ii.   post-trial and future medical expenses until Jane Doe's age of majority.

**JURY DEMAND**

**WHEREFORE**, Plaintiff demands a trial by jury and respectfully requests that this Court award the following damages, jointly and severally against Defendants, as provided by Federal and South Carolina law and the United States Constitution, including but not limited to the following:

    a.   Compensatory, actual, and consequential damages to Plaintiff;

    b.   actual and consequential damages against Defendant GREEN as to each independent cause of action, per occurrence, as determined by a jury and as defined by the South Carolina Tort Claims Act;

c.  Costs of this action and attorney's fees to Plaintiff for the civil rights causes of action under 42 U.S.C. § 1988;

d.  Loss of past and future support and services with interest;

e.  Loss of earnings capacity;

f.  Punitive damages; and

g.  Such other and further relief as this Court may deem appropriate.

Respectfully submitted,

s/ *James B. Moore III*
James B. Moore III, Federal ID #10844
Scott C. Evans, Federal ID #10874
George W. Bryan III, Federal ID # 13442
james@evansmoorelaw.com
scott@evansmoorelaw.com
george@evansmoorelaw.com
Evans Moore, LLC
121 Screven Street
Georgetown, SC 29440
t. 843.995.5000
f. 843.527.4128

Attorneys for the Plaintiffs

November 18, 2025
Georgetown, SC